IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN F. RAMOS,<br><br>           Plaintiff,<br><br>   vs.<br><br>PLATTE COUNTY SHERIFF, EDWARD J. WEMHOFF, Platte County Sheriff, Individual and Official capacity; PLATTE COUNTY DETENTION FACILITY, Individual and Official capacity; SAMUEL AVILA, #9106, Individual capacity; and PAUL CHILDERS, #9107, Individual capacity;<br><br>           Defendants. | **8:23CV564**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on December 21, 2023. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Platte County Sheriff Edward J. Wemhoff ("Wemhoff") in his individual and official capacities, the Platte County Detention Facility ("Platte County Jail"), and two Platte County Deputy Sheriffs, Samuel Avila ("Avila") and Paul Childers ("Childers"), in their individual capacities seeking damages arising out of Plaintiff's "false arrest [and] imprisonment" on May 15, 2023. Filing No. 1 at 2–4.

As the Court understands it,[1] Plaintiff, who is deaf and communicates through American Sign Language ("ASL"), was at his home in Columbus, Nebraska, on May 15, 2023, when he called the police to "stop stalker Black big truck." Id. at 4. Avila and another unknown Platte County deputy sheriff arrived and arrested Plaintiff for DUI while he was standing outside his home taking care of his dog, even though Plaintiff told them he was deaf and had not been driving. Id. Plaintiff was wrongfully arrested and transported to the Platte County Jail where he made repeated requests for an ASL interpreter which Avila and Childers ignored. Plaintiff was ultimately charged with refusal to submit to a drug or alcohol test, though Plaintiff states he "never" refused the test but rather requested an ASL interpreter several times. Id. at 4, 7. As a result of the charge, the "DMV suspended [Plaintiff's] license." Id. at 4. Plaintiff's girlfriend witnessed the events at issue and "told sheriff [the charges were] not true" and provided a statement to Plaintiff's defense lawyer as well. Id. at 4, 7. Plaintiff alleges the case against him was dismissed on September 15, 2023, and the DMV entered a dismissal as well on October 5, 2023. Id. at 7.

As a result of these events, Plaintiff alleges he suffered disability discrimination, "[g]reat emotional distress, humiliation, embarrassment, inconvenience, loss of enjoyment of life, [and] damage to [his] reputation." Id. at 5. Plaintiff seeks $250,000 in damages and to have the Platte County Sheriff attend training on deaf culture. Id.

---

[1] The Court is aware from past actions filed by Plaintiff in this Court that Plaintiff has limited ability to read and write English. See, e.g., Filing No. 1 at 4, 9, Case No. 8:23CV280. Thus, while Plaintiff's Complaint is difficult to understand, the Court has done its best to discern Plaintiff's meaning.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for

relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. ANALYSIS

Liberally construing Plaintiff's Complaint, he asserts Fourth Amendment claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution and discrimination claims under Title II of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794 *et seq*. As set forth below, Platte County Jail will be dismissed as a defendant and this matter will proceed to service of process against the remaining defendants.

### A. Platte County Jail Not a Proper Defendant

As an initial matter, Plaintiff names the Platte County Jail as a defendant in his Complaint. Filing No. 1 at 2. However, Plaintiff fails to state a claim against the Platte County Jail because a county jail is not a distinct legal entity subject to suit. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."). Accordingly, the Platte County Jail will be dismissed as a defendant to this action.

### B. Fourth Amendment Claims

Liberally construed, Plaintiff asserts claims of false arrest and malicious prosecution in violation of his Fourth Amendment rights under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person

4

acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Torres v. City of St. Louis*, 39 F.4th 494, 504 (8th Cir. 2022) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)). "Liability for damages for a federal constitutional tort is personal, so each defendant's conduct must be independently assessed." *Faulk v. City of St. Louis*, 30 F.4th 739, 744 (8th Cir. 2022) (quoting *Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006)).

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A § 1983 claim based on the Fourth Amendment requires a plaintiff to demonstrate that a search or seizure occurred, and the search or seizure was unreasonable. *Clark v. Clark*, 926 F.3d 972, 977 (8th Cir. 2019).

### *1. False Arrest*

With respect to Plaintiff's false arrest claim, "[a] warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause." *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010) (internal quotation marks and citation omitted). "An officer has probable cause to make a warrantless arrest when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *Id.* (internal quotation marks and citation omitted). "To determine the existence of probable cause, we look at the totality of the circumstances as set forth in the information available to the officers at the time of arrest." *Id.* (internal quotation marks and citation omitted).

Construing Plaintiff's allegations liberally, the Court concludes that Plaintiff has stated a plausible claim of wrongful arrest in violation of the

Fourth Amendment against Avila because it is unclear what facts and circumstances existed that could have reasonably led Avila to believe Plaintiff committed the offense of DUI at the time of his arrest. As Plaintiff alleges, he called the police to make a report about a black truck and he was outside his home taking care of his dog when Avila and the other unknown sheriff's deputy arrived. Accordingly, this claim will proceed to service of process against Avila in his individual capacity only as Plaintiff does not allege that Childers or Wemhoff was personally involved in his arrest. *See Manuel v. City of Joliet, Ill.,* 580 U.S. 357, 367 (2017) (plaintiff alleging arrest without probable cause could bring claim for wrongful arrest under Fourth Amendment).

### *2. Malicious Prosecution*

The Supreme Court has held that malicious prosecution is actionable under the Fourth Amendment. *Thompson v. Clark*, 596 U.S. 36, 42 (2022). To state a claim of malicious prosecution under the Fourth Amendment, "[a] plaintiff must show that (1) the criminal proceeding was instituted without probable cause, (2) the defendant's motive in instituting the proceeding was malicious, and (3) the prosecution terminated in acquittal or discharge of the accused." *Klein v. Steinkamp,* 44 F.4th 1111, 1115 (8th Cir. 2022) (citing *Thompson,* 596 U.S. at 44). "[T]he gravamen of the Fourth Amendment claim for malicious prosecution . . . is the wrongful initiation of charges without probable cause." *Thompson,* 596 U.S. at 43.

Here, Plaintiff alleges Avila and Childers charged him with refusing to submit to a drug or alcohol test, though Plaintiff "never" refused but rather repeatedly requested the services of an ASL interpreter during the time he was detained by Avila and Childers. Filing No. 1 at 7; *see also Id.* at 8–13. Avila and Childers ignored or refused Plaintiff's requests for an interpreter, and criminal proceedings were initiated against Plaintiff. Plaintiff alleged the case

against him was dismissed on September 15, 2023. *Id.* at 7. Under a liberal reading of the Complaint's allegations, the Court finds Plaintiff has stated a claim for malicious prosecution under the Fourth Amendment against Avila and Childers in their individual capacities for purposes of initial review, and this claim will proceed to service of process against these two defendants.[2]

### *3. Official Capacity Fourth Amendment Claims against Wemhoff*

Plaintiff's Fourth Amendment claims against Wemhoff in his official capacity are actually claims against Platte County itself. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a county can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against Platte County, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane*

---

[2] As Plaintiff does not allege any facts suggesting Wemhoff was personally involved in the decision to charge Plaintiff with an offense, Plaintiff has failed to state a malicious prosecution claim against Wemhoff.

7

*Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699–700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's Complaint fails to allege that any actions were taken pursuant to an *unconstitutional* policy or custom of Platte County, nor does the Complaint allege facts suggesting a failure to train on the part of Platte County. *See Cotton v. Douglas Cnty. Dep't of Corr.*, No. 8:16-CV-153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016) ("Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority."). Instead, Plaintiff's Complaint suggests, at most, the Platte County Sheriff's failure to implement policies and procedures to ensure its officers comply with the ADA and/or the RA. Such allegations are governed by

8

the ADA and the RA, rather than § 1983, and are addressed below. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999) ("the comprehensive enforcement mechanisms provided under § 504 of the Rehabilitation Act and the ADA suggest Congress did not intend violations of those statutes to be also cognizable under § 1983" (cleaned up)). Accordingly, the Court finds Plaintiff's Complaint fails to state a § 1983 claim against Wemhoff in his official capacity.

**C. ADA and RA Claims**

Plaintiff also asserts claims of disability discrimination under Title II of the ADA and Section 504 of the RA. Individuals may not be sued under Section 504 of the RA or under Title II of the ADA. *Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014); 42 U.S.C. § 12132 (Title II provides disabled individuals redress for discrimination by a "public entity"); 42 U.S.C. § 12131(1) ("public entity" does not include individuals). Thus, the Court considers Plaintiff's ADA and RA claims as asserted only against Wemhoff in his official capacity as the Platte County Sheriff, which, in effect, are claims against Platte County. *See Elder-Keep*, 460 F.3d at 986.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the RA similarly provides that "[n]o otherwise qualified individual with a disability . . . shall . . . be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). A local police department, like the Platte County Sheriff, falls within the statutory

9

definitions of a "public entity" under the ADA[3] and a program or activity" under the RA.[4] *Gorman v. Bartch,* 152 F.3d 907, 912–13 (8th Cir. 1998) (citing *Pennsylvania Dep't of Corr. v. Yeskey,* 524 U.S. 206 (1998)).

To state a claim under either the ADA or the RA, a plaintiff must show "he is a qualified individual with a disability denied participation in, or the benefits of, the services, programs, or activities of a public entity because of his disability." *Gorman,* 152 F.3d at 912. The enforcement, remedies, and rights are the same under both Title II of the ADA and § 504, although the RA contains the additional requirement that the plaintiff show the program or activity from which he is excluded receives federal financial assistance. *See Id.* at 911. Given the similarities between the ADA and § 504, "cases interpreting either are applicable and interchangeable." *Id.* at 912.

The term "qualified individual with a disability" in the ADA means "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). A "disability" is "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). "Major life activities" include such things as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading,

---

[3] The ADA defines "public entity" to include "any State or local government" and "any department, agency . . . or other instrumentality of a State," 42 U.S.C. § 12131(1).

[4] Under the RA, "program or activity" is defined to include "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C. § 794(b).

10

concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Similarly, an "individual with a disability" under the RA means any person who has a disability as defined under the ADA. *See* 29 U.S.C. § 794(a); 29 U.S.C. § 705(20)(B) (citing 42 U.S.C. § 12102).

Clearly, the Complaint's allegations demonstrate that Plaintiff is a qualified individual with a disability as he is deaf and communicates through ASL. The Platte County Sheriff is also a "public entity" under the purview of the ADA and the RA, and Plaintiff alleges that the Platte County Sheriff "receive their fund from" "Federal Department." Filing No. 1 at 7. Liberally construed, Plaintiff also alleges sufficient facts from which the Court can reasonably infer that he was denied participation in, or the benefits of, the services, programs, or activities of the Platte County Sheriff because of his disability, or was subjected to discrimination because of his disability. *See Gorman*, 152 F.3d at 912 ("[t]ransportation of an arrestee to the station house is . . . a service of the police within the meaning of the ADA."); *see also Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1087 (11th Cir. 2007) (holding that deaf arrestees are "entitled to be placed on equal footing with other arrestees at the police station" and police were "required to take appropriate steps to ensure that [their] communication with [a deaf individual] was as effective as with other individuals arrested for DUI").

Specifically, Plaintiff alleges that, after he was wrongfully arrested by Platte County Sheriff deputies for DUI and transported to the Platte County Jail, he made repeated requests for an ASL interpreter which Childers and Avila ignored or refused. Childers and Avila "force[d]" Plaintiff to sign a form, Filing No. 1 at 11, and charged Plaintiff with refusal to submit to a drug or alcohol test, though Plaintiff alleges he "never" refused, *Id.* at 7. Plaintiff's allegations, at a minimum, suggest that he did not "receive effective

11

communication that result[ed] in 'meaningful access' to a public entity's services" as required by the ADA and RA. *Bahl v. Cnty. of Ramsey,* 695 F.3d 778, 783–84 (8th Cir. 2012) (citing *Loye v. Cnty. of Dakota,* 625 F.3d 494, 496–97, 500 (8th Cir. 2010)). *See also Durand v. Fairview Health Servs.*, 902 F.3d 836, 842 (8th Cir. 2018) (citations omitted) (determining whether there was "effective communication"—and thus "meaningful access" to a service—is "a fact-intensive inquiry and is largely context-dependent"). Accordingly, the Court concludes that Plaintiff has stated a plausible claim for relief under the ADA and RA against Wemhoff in his official capacity, and these claims will be allowed to proceed to service of process.

## IV. MOTION TO APPOINT COUNSEL

Plaintiff also seeks the appointment of counsel "due [to] hardship" and his own unsuccessful efforts to find counsel to assist him in prosecuting this matter. Filing No. 7. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook,* 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't,* 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996)).

Here, the Court has concluded that Plaintiff has alleged sufficient facts to state claims for relief under the Fourth Amendment and Title II of the ADA and the RA. The Court's conclusion is based on a liberal construction of the Complaint in recognition of Plaintiff's limited English language abilities, and

it is evident that Plaintiff's ability to present his claims, at least past the initial review stage, is hindered due to his limited English. Given Plaintiff's English language limitations and his statements in his motion, the Court concludes that Plaintiff, the parties, and the Court would benefit from the appointment of counsel at this stage in the matter. Accordingly, Plaintiff's motion for appointment of counsel is granted, and counsel is appointed as set forth below.

## V. CONCLUSION

For purposes of initial review, Plaintiff has alleged plausible claims under the Fourth Amendment for false arrest and malicious prosecution against Avila and Childers in their individual capacities and under Title II of the ADA and the RA for disability discrimination against Wemhoff in his official capacity. Plaintiff's claims against Wemhoff in his individual capacity and against the Platte County Jail will be dismissed without prejudice, however, for failure to state a claim upon which relief may be granted.

Accordingly, this matter will proceed to service of process, and the Court will appoint counsel to assist Plaintiff with the prosecution of this case. The Court cautions Plaintiff, however, that allowing his claims to proceed to service of process is not a determination of the merits of his claims or potential defenses to them.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Wemhoff in his individual capacity and against the Platte County Detention Facility are dismissed without prejudice. The Clerk of the Court is directed to update the caption to remove the Platte County Detention Facility as a defendant and to reflect that Wemhoff is sued in his official capacity only.

2. The Clerk of the Court is further directed to remove "Platte County Sheriff" as a separate defendant in this action as such party is duplicative of Defendant Wemhoff in his official capacity.

3. The following claims shall proceed to service of process:

   a. Plaintiff's claims for false arrest and malicious prosecution under the Fourth Amendment against Avila and Childers in their individual capacities as set forth in this Memorandum and Order; and

   b. Plaintiff's claims for discrimination under Title II of the ADA and the RA against Wemhoff in his official capacity.

4. For service of process on Avila and Childers in their individual capacities, the Clerk of the Court is directed to complete summons and USM-285 forms for each Defendant using the address "Platte County Sheriff's Office, 2610 14th Street, Columbus, NE 68601," and forward them together with a copy of the Complaint, Filing No. 1, and a copy of this Memorandum and Order to the United States Marshals Service. The Marshals Service shall serve Defendants Avila and Childers in their individual capacities at Platte County Sheriff's Office, 2610 14th Street, Columbus, NE 68601, by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

5. For service of process on Wemhoff in his official capacity, the Clerk of the Court is directed to complete a summons and USM-285 form for Defendant Wemhoff using the address "Clerk of Platte County, 2610 14th Street, Columbus, NE 68601," and forward them together with a copy of the Complaint, Filing No. 1, and a copy of this Memorandum and Order to the United States Marshals Service. The Marshals Service shall serve Defendant

Wemhoff in his official capacity at Clerk of Platte County, 2610 14th Street, Columbus, NE 68601, by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service. *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02(2).

6. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[5]

7. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

8. The Clerk of Court is directed to set a case management deadline using the following text: **June 16, 2025**: deadline for service of process.

9. Plaintiff's Motion to Appoint Counsel, Filing No. 7, is granted.

10. With thanks for accepting the appointment, Maren Chaloupka and Chaloupka Law LLC is hereby appointed to represent Plaintiff Jonathan F. Ramos in this matter.[6]

11. Maren Chaloupka is directed to promptly enter her appearance as counsel in this case.

12. Upon entry of counsel's appearance in CM/ECF, the Clerk of Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to Chaloupka Law LLC.

---

[5] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

[6] The undersigned has been authorized by the Chief Judge to appoint counsel pursuant to the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee.

13.  A second and last installment of $1,000 shall become due and payable to Chaloupka Law LLC upon the entry of judgment or other closing documents in the case.

14.  Subject to the prior approval of the Court, counsel may incur reasonable expenses when representing Plaintiff in accordance with the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee. *See also* NEGenR 1.7(f) and NECivR 54.3-54.4.

15.  Should Plaintiff succeed, and counsel be awarded attorney fees and expenses that exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the fees and expenses paid from the fund.

16.  Counsel for Plaintiff is appointed to assist Plaintiff with the prosecution of his claims and through trial, if this case should proceed to trial. The appointment will not extend to any appeal after trial.

17.  The Clerk of Court is directed to send a copy of this Memorandum and Order to Plaintiff and Plaintiff's appointed counsel.

18.  Because this non-prisoner case is proceeding to service of process and counsel has been appointed, this case is removed from the pro se docket at the direction of the Court. The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 18th day of March, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge