## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN F. RAMOS,<br><br>**Plaintiff,**<br><br>vs.<br><br>EDWARD J. WEMHOFF, Platte County Sheriff, Official capacity; SAMUEL AVILA, #9106, Individual capacity; PAUL CHILDERS, #9107, Individual capacity; COUNTY OF PLATTE, and JOHN HARRIS,<br><br>**Defendants.** | **8:23CV564**<br><br>**AMENDED CASE PROGRESSION ORDER** |

This matter comes before the Court following a status conference and hearing on the Joint Motion to Amend Order of Case Progression (Filing No. 34). After review of the motion and in accordance with the matters discussed during the hearing, the Court finds good cause to extend case progression deadlines.[1] Accordingly,

**IT IS ORDERED** that the Joint Motion to Amend Order of Case Progression (Filing No. 34) is granted, and the case progression order is amended as follows:

1) The deadlines for identifying expert witnesses and completing expert disclosures[2] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   For the plaintiff:      **October 7, 2026**
   For the defendants:   **November 11, 2026**

2) The deadline for completing written discovery under Rules 33, 34, 36, and 45 of the Federal Rules of Civil Procedure is **December 30, 2026**. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by **January 13, 2027**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court.

---

[1] The parties have requested significant extensions in this original *pro se* case filed in late 2023. Under the unique circumstances of Plaintiff and his allegations, the Court will grant the extensions sought as discussed during the hearing but the parties shall move the case forward without expectation that further extensions will be allowed.

[2] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

3) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **January 13, 2027**.

4) The planning conference set for September 2, 2026, is cancelled. The trial and pretrial conference will not be set at this time. A planning conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **January 13, 2027**, at **10:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

5) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **February 10, 2027**.

6) The deadline for filing motions to dismiss and motions for summary judgment is **March 10, 2027**.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 25th day of March, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge